**CITY OF TENAKEE SPRINGS, Southeast Alaska Conservation Council, the Sierra Club, the Wilderness Society, Diane Ziel, Dale Ziel, Rudolf Ziel, Molly Kemp, Robert Parish, John M. White, John C. Wisenbaugh, Tobin Rubke, Janice J. Eagle, Glen Lockhart, T.J. Clark, Samuel E. McBeen, Joan M. McBeen, Robert A. Pegues, Lonnie Anderson, Mike Jackson, Samuel Jackson, Thomas Jackson, Norman Jackson, Marvin Kadake, the Organized Village of Kake, Kake Tribal Corporation, Angoon Community Association, and Donald Frank, Plaintiffs,**

v.

**Helen CLOUGH, District Ranger, Sitka Ranger District, Tongass National Forest, Joseph A. Chiarella, District Ranger, Hoonah Ranger District, Tongass National Forest, Gary Morrison, Forest Supervisor, Chattham Area, Tongass**

National Forest, Ron Humphrey, Forest Supervisor, Stikine Area, Tongass National Forest, Michael A. Barton, Regional Forester, Alaska Region, F. Dale Robertson, Chief of the United States Forest Service, Clayton Yeutter, Secretary of the United States Department of Agriculture, United States Forest Service, United States Department of Agriculture, Defendants,

and

Alaska Pulp Corporation, an Alaska corporation, and Whitestone Logging, Inc., Intervenors–Defendants.

Sam HANLON, Sr., Individually and on behalf of the Wooshikitaan Clan, Richard Sheakley, Sr., Individually and as Chief of the T'Addeintaan Clan, Victor Bean, Richard Bean, Jr., Ernestine Hanlon, George Westman, and Douglas Glessing, Plaintiffs,

v.

Michael BARTON, in his official capacity as Regional Forester for the Alaska Region, Dale Robertson, in his official capacity as Chief of the United States Forest Service, Clayton Yeutter, in his official capacity as Secretary of Agriculture, and the United States Forest Service, an agency within the Department of Agriculture, Defendants,

and

Alaska Pulp Corporation, Intervenor–Defendant.

No. J86–024 Civ.

United States District Court, D. Alaska.

July 10, 1990.

Eric P. Jorgensen, Thomas S. Waldo, Sierra Club Legal Defense Fund, and Southeast Alaska Conservation Council, Inc., Steven E. Kulick, Juneau, Alaska, for Tenakee plaintiffs.

Vance A. Sanders, Mark Regan, Juneau, Alaska, and Carol Daniel, Joseph Johnson, Alaska Legal Services, Anchorage, Alaska, for Hanlon plaintiffs.

Bruce M. Landon, Land & Natural Resources Div., Dept. of Justice, Anchorage, Alaska, for defendants.

James F. Clark, Mary A. Nordale, Robertson, Monagle & Eastaugh, Juneau, Alaska, for intervenors-defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on the motion for preliminary injunction filed by plaintiffs Hanlon et al. in *Hanlon v. Barton*, No. J86–024 Civ. (consolidated) on March 6, 1990 (Docket No. 50), on the *Hanlon* plaintiffs' motions to supplement filed May 18, 1990 (Docket No. 219), and on the *Hanlon* plaintiffs' renewed motion to expedite filed July 5, 1990.

I. *Motion for Leave to Supplement.*

Plaintiffs' motion for leave to supplement (Docket No. 219) is granted. The court has considered plaintiffs' supplemental memorandum on plaintiffs' motion for preliminary injunction.

## II. Motion for Preliminary Injunction.

Plaintiffs' motion for preliminary injunction is denied for the reasons set forth below and in this court's Memorandum and Order entered June 18, 1990 (Docket No. 221) in *City of Tenakee Springs v. Clough,* 750 F.Supp. 1406 (consolidated). Specifically, interlocutory injunctive relief is inappropriate here because plaintiffs have not shown sufficient likelihood of success on any claim, *see id.* at 1418, 1419–1421, 1422–1423, 1423–1425, 1425–1426, 1428, 1429, except regarding their claim based upon the Forest Service's evaluation and discussion of the no-action alternative, and this claim involves only "technical deficiencies" for which no preliminary injunction is appropriate. *See id.* at 1429–1430.

The court notes in particular the *Hanlon* plaintiffs' claim that the Forest Service contravened the Alaska National Interest Lands Conservation Act ("ANILCA") by relying on state resource managers to adopt measures recommended by the Service for the purpose of mitigating subsistence impacts. ANILCA § 810(a)(3)(C) imposes a procedural obligation on federal land managers to certify that "reasonable steps will be taken to minimize adverse impacts upon subsistence uses and resources resulting from" the intended disposition of federal lands. *See* 750 F.Supp. at 1429. Implicit in this provision is a correlative substantive duty to mitigate as necessary to permit the certification to be made.

The court agrees with plaintiffs that the federal agency may not abdicate its obligations under ANILCA. However, the *Hanlon* plaintiffs do not explain why the Forest Service may not delegate to state agencies the practical responsibility for undertaking mitigation measures so long as the federal agency can delegate with sufficient confidence to certify that reasonable steps will be taken, as required under ANILCA § 810(a)(3)(C). Plaintiffs challenging such delegations must show that the federal agency's certification lacks sufficient foundation to withstand review under the arbitrary and capricious standard. *See id.* at 1417–1418 (discussing 5 U.S.C. § 706(2)(A)).

In this case, the *Hanlon* plaintiffs argue in effect that the Forest Service has not delegated with confidence, but rather has abdicated its responsibilities because it has merely "ask[ed] the State of Alaska to use its regulatory authority to limit the use of motorized vehicles for the trapping of furbearers," Record of Decision ("ROD") at 42, and "[r]ecommended that the State . . . and the Board of Game review bag limits for non-subsistence users in Analysis Area 3." ROD at 44. Indeed, the court notes that the Forest Service expressly acknowledges that "[i]t is not known whether the State of Alaska will take [the recommended] action." ROD at 42, 44.

However, it appears that the Service has concluded that the federal agency's own mitigation efforts will be sufficient to support the § 810(a)(3)(C) certification. The Service avers, "The mitigation measures for National Forest lands are not dependent on acceptance of the recommendations, but the positive response by others will assist in the effectiveness of the collective mitigation measures, by adding a broader cooperative approach." ROD at 41. The Service appears to contradict itself in this regard when it states in the same paragraph that "[t]he recommendations are placed in this section to add emphasis to the need for subsistence mitigation measures beyond the control of the Forest Service," *id.,* but the plaintiffs have not argued the point and the court will not invalidate the § 810(a)(3)(C) certification on the basis of this isolated remark. Because there appears little likelihood that the *Hanlon* plaintiffs will succeed in showing that the § 810(a)(3)(C) certification is arbitrary and capricious in light of the Forest Service's own mitigation plans, the court finds that no preliminary injunction is appropriate here.

## III. Renewed Motion to Expedite.

The *Hanlon* plaintiffs' renewed motion to expedite filed July 5, 1990, is denied as now being moot. The court notes that the *Hanlon* plaintiffs filed their motion to sup-

plement (Docket No. 219) after both the *Hanlon* and *Tenakee* plaintiffs' motions for preliminary injunction had been taken under submission in these consolidated cases, thereby preventing the court from giving the *Hanlon* plaintiffs' motion for preliminary injunction the plenary consideration necessary to decide it by the time the court ruled on the motion in *Tenakee*. *See* 750 F.Supp. at 1409 n. 1.

## IV. *Order.*

Accordingly, IT IS ORDERED:

(1) THAT the motion to supplement filed May 18, 1990 (Docket No. 219) by plaintiffs Hanlon et al. in *Hanlon v. Barton*, No. J86–024 Civ. (consolidated) is GRANTED;

(2) THAT the *Hanlon* plaintiffs' motion for preliminary injunction filed March 6, 1990 (Docket No. 50) is DENIED; and

(3) THAT the *Hanlon* plaintiffs' renewed motion to expedite filed July 5, 1990 is DENIED as now being moot.